IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIE A. LEWIS, § | | |
| Petitioner, § | | |
| § | | |
| VS. § | | Civil Action No. 4:08-CV-724-Y |
| § | | |
| DEE ANDERSON, Sheriff, § | | |
| Tarrant County, Texas, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

*A. Nature of the Case*

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2241.

*B. Parties*

Petitioner Willie A. Lewis, Prisoner I.D. No. 0719234, was a pretrial detainee confined in the Tarrant County jail pending criminal charges in state court when this petition was filed. Since that time, Lewis has been released from confinement, and his whereabouts are unknown.

Respondent Dee Anderson, is the Sheriff of Tarrant County.

*C. Issue*

Lewis claims he has been confined, without bond, and awaiting trial in the Tarrant County jail for the state offense of aggravated assault with a deadly weapon since December 8, 2007,

without being interviewed by any law enforcement agencies and without adequate assistance of counsel, in violation of his constitutional rights. (Petition at 2-8)

*D. Legal Analysis*

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Second, the petitioner must have exhausted his available state remedies. *Dickerson*, 816 F.2d at 224. On January 15, 2009, Lewis was tried for the offense, found not guilty by a jury, and is no longer confined in the Tarrant County jail. Because Lewis has been released from state custody, this Court can no longer provide him with habeas relief under § 2241. *See Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987). Lewis has not demonstrated that he is suffering any current collateral consequences stemming from the state criminal prosecution or that he will suffer any collateral consequences in the future. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998). Dismissal of this petition is therefore appropriate as moot based upon Lewis's acquittal and release. *See Lane v. Williams*, 455 U.S. 624, 632 (1982); *McRae v. Hogan*, 576 F.2d 615, 616-17 (5th Cir. 1978).

## II. RECOMMENDATION

It is therefore recommended that Lewis's petition for writ of habeas corpus be DISMISSED with prejudice.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's

proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 4, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 4, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 11, 2009.

   /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE